UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF MCKENNEY'S, INC., <br><br> Plaintiff, <br><br> v. <br><br> LEEBCOR SERVICES, LLC <br><br> and <br><br> THE CINCINNATI INSURANCE COMPANY, <br><br> Defendants. | Case No. 4:20-CV-00179 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Leebcor Services, LLC ("**Leebcor**") by counsel, hereby states as follows for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff, United States of America, For the Use and Benefit of McKenney's, Inc. ("**Plaintiff**"):

1.     The allegations in Paragraph 1 contain Plaintiff's introduction and description of the case, to which no response is required. To the extent a response is required, Leebcor denies the allegations contained therein.

2.     The allegations in Paragraph 2 state legal conclusions, to which no response is required. To the extent a response is required, Leebcor denies the allegations in Paragraph 2.

3.     The allegations in Paragraph 3 state legal conclusions, to which no response is required. To the extent a response is required, Leebcor denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 state legal conclusions, to which no response is required. To the extent a response is required, Leebcor denies the allegations in Paragraph 4. Responding further, Leebcor denies that venue is proper in the Alexandria Division of the United States District Court for the Eastern District of Virginia.

5. Leebcor lacks sufficient information to admit or deny the allegations in Paragraph 5 and, therefore, denies same.

6. Leebcor admits the allegations in Paragraph 6.

7. Leebcor admits the allegations in Paragraph 7.

8. Leebcor admits the allegations in Paragraph 8.

9. Leebcor admits the allegations in Paragraph 9.

10. Leebcor admits the allegations in Paragraph 10.

11. The allegations in Paragraph 11 refer to the Subcontract between Leebcor and McKenney's, attached to the Complaint as Exhibit B, which document speaks for itself. Leebcor denies any allegations inconsistent therewith.

12. The allegations in Paragraph 12 refer to the Subcontract between Leebcor and McKenney's, attached to the Complaint as Exhibit B, which document speaks for itself. Leebcor denies any allegations inconsistent therewith.

13. The allegations in Paragraph 13 refer to the Subcontract between Leebcor and McKenney's, attached to the Complaint as Exhibit B, which document speaks for itself. Leebcor denies any allegations inconsistent therewith. Responding further, Leebcor admits its principal office is located in the Commonwealth of Virginia.

14. The allegations in Paragraph 14 refer to the Subcontract between Leebcor and McKenney's, attached to the Complaint as Exhibit B, which document speaks for itself. Leebcor denies any allegations inconsistent therewith.

15. Leebcor denies the allegations in Paragraph 15.

16. Leebcor denies the allegations in Paragraph 16.

17. Leebcor admits the allegations in Paragraph 17.

18. Leebcor admits the allegations in Paragraph 18.

19. Regarding the allegations in Paragraph 19, Leebcor admits that McKenney's was consulted extensively regarding the initial and ongoing Project schedule. Leebcor denies, however, that it solely decided to proceed on the Project concurrently on two company barracks at one time, rather than sequentially. Per the allegations in Paragraph 17, McKenney's, along with several other project subcontractors, participated in an initial schedule meeting and all parties present helped formulate the overall schedule and agreed to the original and final baseline schedule submitted to USACE for this project.

20. Regarding the allegations in Paragraph 20, Leebcor understands that McKenney's previously performed Starship projects at Fort Benning and other bases, but understands McKenney's work to have been partially deficient on several, if not all, of those projects. Leebcor denies the remaining allegations in Paragraph 20.

21. The allegations in Paragraph 21 refer to the Baseline Project Schedule attached to the Subcontract, which document speaks for itself. Leebcor denies any allegations inconsistent therewith.

22. Leebcor denies the allegations in Paragraph 22. Responding further, McKenney's understands and has admitted that the delay to the Project in 2017 was caused by the federal

government and was not caused by Leebcor. Leebcor denies the remaining allegations in Paragraph 22.

23. Regarding the allegations in Paragraph 23, Leebcor admits that McKenney's claims to have incurred additional costs as a result of the government-caused delay and admits that Leebcor submitted a claim to the government as a result of the delay, which claim included amounts that were claimed by McKenney's. Leebcor has no insufficient information to admit or deny the additional costs alleged by McKenney's and denies all remaining allegations in Paragraph 23.

24. Regarding the allegations in Paragraph 24, Leebcor admits it has not paid McKenney's for the government-caused delay to the Project because it is not liable to McKenney's for the government-caused delay to the Project. Leebcor submitted a claim to the Government for the costs incurred by Leebcor and subcontractors on the Project, including McKenney's. Leebcor received a unilateral modification from the Government for approximately 30% of the claimed amount. The Government did not directly respond to any subcontractor claim amounts, and if any payment had been directed to McKenney's claim, the Subcontract allows Leebcor to use such payment as an offset to damages caused by McKenney's breaches of the Subcontract. Leebcor denies all remaining allegations in Paragraph 24.

25. Leebcor denies the allegations in Paragraph 25.

26. Leebcor denies the allegations in Paragraph 26.

27. Regarding the allegations in Paragraph 27, Leebcor admits McKenney's was aware of the phasing plan per the baseline schedule it helped establish. Responding further, Leebcor admits the prime contract for this project requires the project schedule to be updated monthly, which resulted in monthly updates and regular changes to the schedule. Per the Subcontract,

McKenney's was required to participate in these monthly schedule meetings and perform to the monthly published schedule. Leebcor denies the remaining allegations in Paragraph 27.

    28.    Leebcor denies the allegations in Paragraph 28.

    29.    Leebcor denies the allegations in Paragraph 29.

    30.    Leebcor denies the allegations in Paragraph 30.

    31.    Leebcor denies the allegations in Paragraph 31.

    32.    Leebcor denies the allegations in Paragraph 32.

    33.    Leebcor denies the allegations in Paragraph 33.

    34.    Leebcor denies the allegations in Paragraph 34.

    35.    Leebcor denies the allegations in Paragraph 35.

    36.    Leebcor denies the allegations in Paragraph 36.

    37.    Regarding the allegations in Paragraph 37, Leebcor admits that the Government required monthly schedule updates during the project and that McKenney's was required to participate in monthly schedule reviews, but denies the remaining allegations in Paragraph 37.

    38.    Leebcor denies the allegations in Paragraph 38.

    39.    Leebcor denies the allegations in Paragraph 39.

    40.    Leebcor denies the allegations in Paragraph 40.

    41.    Leebcor denies the allegations in Paragraph 41.

    42.    Leebcor denies the allegations in Paragraph 42.

    43.    Leebcor admits that, eventually, McKenney's completed its Phase II work, but the work was not completed on schedule and the main delay was caused by McKenney's. Leebcor denies the remaining allegations in Paragraph 43.

    44.    Leebcor denies the allegations in Paragraph 44.

45. Leebcor denies the allegations in Paragraph 45 and all its subparts.

46. Leebcor denies the allegations in Paragraph 46.

47. Regarding the allegations in Paragraph 47, Leebcor admits that the Project was completed on April 27, 2019, as evidenced by the USACE Past Performance Questionnaire (Form PPQ-0) (the "PPQ"), completed by Ms. Amy Vaughn, Resident Engineer, USACE Savannah District, on May 30, 2019. A copy of the PPQ is attached hereto as **Exhibit A**. Responding further, Leebcor states that any work performed by McKenney's after April 27, 2019 was minor punchlist or warranty work and does not alter the Project's April 27, 2019 completion date, as stated and confirmed by the government. Leebcor denies the remaining allegations in Paragraph 47.

48. Leebcor admits the allegations in Paragraph 48.

49. Leebcor denies the allegations in Paragraph 49.

50. Regarding the allegations in Paragraph 50, Leebcor admits it has not paid McKenney's for the purported "outstanding invoices." McKenney's breached its Subcontract and its work on the Project was severely deficient and seriously delayed the Project, for which Leebcor is entitled to seek damages from McKenney's, which damages entirely offset any amounts purportedly owed to McKenney's. Leebcor denies the remaining allegations in Paragraph 50.

51. Regarding the allegations in Paragraph 51, Leebcor admits it has not paid McKenney's for the purported "outstanding invoices." McKenney's breached its Subcontract and its work on the Project was severely deficient and seriously delayed the Project, for which Leebcor is entitled to seek damages from McKenney's, which damages entirely offset any amounts purportedly owed to McKenney's. Leebcor denies the remaining allegations in Paragraph 51.

52. Regarding the allegations in Paragraph 52, Leebcor admits it has not paid McKenney's for the purported "outstanding invoices." McKenney's breached its Subcontract and

its work on the Project was severely deficient and seriously delayed the Project, for which Leebcor is entitled to seek damages from McKenney's, which damages entirely offset any amounts purportedly owed to McKenney's. Leebcor denies the remaining allegations in Paragraph 52.

53. Regarding the allegations in paragraph 53, Leebcor admits that McKenney's filed a claim with The Cincinnati Insurance Company on or about July 12, 2019. Leebcor denies the remaining allegations in paragraph 53.

54. Regarding the allegations in Paragraph 54, Leebcor admits that McKenney's filed a claim with The Cincinnati Insurance Company on or about August 16, 2019. Leebcor denies the remaining allegations in Paragraph 54.

55. Regarding the allegations in Paragraph 55, Leebcor denies that McKenney's is entitled to delay damages and denies the allegations in Paragraph 55.

56. Regarding the allegations in Paragraph 56, Leebcor admits that McKenney's filed a claim with The Cincinnati Insurance Company on or about September 27, 2019. Leebcor denies the remaining allegations in Paragraph 56, including all subparts.

57. Leebcor denies the allegations in Paragraph 57.

58. Regarding the allegations in Paragraph 58, Leebcor admits that it and Cincinnati have not paid McKenney's $69,445 for "additional work" claimed by McKenney's. The claimed amount is not for "additional work," as Leebcor does not agree that the work was outside the scope of McKenney's Subcontract. Responding further, McKenney's has breached the Subcontract and caused Leebcor damages, which damages offset any payment owed to McKenney's in connection with additional work Leebcor required. Leebcor denies the remaining allegations in Paragraph 58.

59. Regarding the allegations in Paragraph 59, Leebcor admits that McKenney's filed a claim with The Cincinnati Insurance Company on or about November 15, 2019. Leebcor denies the remaining allegations in Paragraph 59.

60. Regarding the allegations in Paragraph 60 Leebcor admits that it and Cincinnati have not paid McKenney's for the "additional work" claimed by McKenney's. The claimed amount is not for "additional work," as Leebcor does not agree that the work was outside the scope of McKenney's Subcontract. Responding further, McKenney's has breached the Subcontract and caused Leebcor damages, which damages offset any payment owed to McKenney's in connection with additional work Leebcor required. Leebcor denies the remaining allegations in Paragraph 60.

61. Leebcor denies the allegations in Paragraph 61.

62. Leebcor denies the allegations in Paragraph 62.

## Count I – Breach of Contract (Leebcor Services, LLC)

63. Leebcor incorporates its responses to Paragraphs 1 through 62 as if fully set forth herein.

64. Leebcor admits the allegations in Paragraph 64.

65. Regarding the allegations in Paragraph 65, Leebcor admits it generally owed duties under the Subcontract to McKenney's to pay McKenney's for work performed, if McKenney's remained in compliance with the Subcontract. However, McKenney's breached the Subcontract and caused Leebcor damages, which damages offset any amounts McKenney's might otherwise be owed under the Subcontract. Leebcor denies the remaining allegations in Paragraph 65.

66. Regarding the allegations in Paragraph 66, Leebcor admits it generally owes duties under the Subcontract to McKenney's to coordinate its subcontractors so as not to impede McKenney's work on the Project and to cooperate with McKenney's, however, McKenney has

breached the Subcontract and caused Leebcor damages, which damages offset amounts McKenney's might otherwise be owed under the Subcontract. Leebcor denies the remaining allegations in Paragraph 66.

67. Leebcor denies the allegations in Paragraph 67.

68. Leebcor denies the allegations in Paragraph 68.

69. Leebcor denies the allegations in Paragraph 69.

70. Leebcor denies the allegations in Paragraph 70.

71. Leebcor denies the allegations in Paragraph 71.

72. Leebcor denies the allegations in Paragraph 72. Responding further, the allegations in the WHEREFORE clause immediately following Paragraph 72 contain McKenney's prayer for relief, to which no response is required. To the extent a response is required, Leebcor denies the allegations contained therein.

### Count II – Breach of Payment Bond (The Cincinnati Insurance Company)

73. The allegations in Paragraphs 73 through 78, including the WHEREFORE clause immediately following Paragraph 78, contain McKenney's claim against The Cincinnati Insurance Company, to which no responses are required from Leebcor. To the extent responses are required, Leebcor denies the allegations contained therein.

74. Any allegations not expressly admitted are denied.

### Affirmative Defenses

Leebcor Services, LLC, by counsel, submits the following affirmative defenses, reserving the right to assert additional affirmative defenses should discovery in this case reveal others.

1. The claims asserted by McKenney's are barred, in whole or in part, because McKenney's failed to mitigate its alleged damages (to which, in any event, they are not entitled)

by failing to act reasonably under the circumstances, including, but not limited to, failing to complete their work in a timely manner, failing to properly supervise their tiered subcontractors, failing to adequately staff the Project, failing to comply with the Government's and Leebcor's quality control mandates, and failing to complete work as required under the Subcontract and government specifications.

2. The claims asserted by McKenney's and any related damages are barred, in whole or in part, by offset.

3. The claims asserted by McKenney's are barred, in whole or in part, by McKenney's first material breach of the Subcontract.

4. The claims asserted by McKenney's are barred, in whole or in part, by McKenney's failure to satisfy conditions precedent to payment.

5. The claims asserted by McKenney's are barred, in whole or in part, by McKenney's failure to perform under the Subcontract.

WHEREFORE, Leebcor Services, LLC respectfully requests that this Court dismiss the Complaint filed against it by Plaintiff, United States of America, For the Use and Benefit of McKenney's, Inc., and grant such other and further relief as the Court deems necessary under the circumstances.

*Signature block on following page…*

Dated: December 9, 2020

LEEBCOR SERVICES, LLC

/s/ *Thomas A. Coulter*
Thomas A. Coulter (VSB No. 46532)
Patrick D. Houston (VSB No. 92298)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone: (804) 593-1362
Facsimile: (804) 593-1363
E-mail: tcoulter@wtplaw.com
E-mail: phouston@wtplaw.com

*Counsel for Defendants, Leebcor Services, LLC and The Cincinnati Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 9, 2020, a true and correct copy of the foregoing was electronically served on all counsel of record:

Shelly L. Ewald
Watt, Tieder, Hoffar & Fitzgerald, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1000
Facsimile: (703) 893-8029

*Counsel for Plaintiff, McKenney's, Inc.*

/s/ *Thomas A. Coulter*
Thomas A. Coulter