**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NEWPORT NEWS DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF MCKENNEY'S, INC.,  )<br>)<br>)<br>)<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>LEEBCOR SERVICES, LLC,  )<br>)<br>and  )<br>)<br>THE CINCINNATI INSURANCE COMPANY, )<br>)<br>Defendants.  )<br>)<br>LEEBCOR SERVICES, LLC,  )<br>)<br>Counterclaim Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF MCKENNEY'S, INC.,  )<br>)<br>)<br>)<br>Counterclaim Defendant.  ) | Case No. 1:20-CV-00533 |

**MOTION FOR JUDGMENT ON THE PLEADINGS**
**AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, The Cincinnati Insurance Company ("**Cincinnati**") by counsel, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure hereby moves for judgment on the pleadings against Plaintiff, United States of America, For the Use and Benefit of McKenney's, Inc. ("**McKenney's**") because McKenney's claim against Cincinnati is barred by the applicable statute

1

of limitations. In support of its Motion for Judgment on the Pleadings, Cincinnati submits the following Memorandum of Law in Support of its Motion:

## INTRODUCTION

McKenney's Miller Act claim against Cincinnati is barred by the Miller Act's one-year statute of limitations. McKenney's, a subcontractor to Leebcor Services, LLC ("**Leebcor**") on a government project at Fort Benning, Georgia, has filed suit against Cincinnati under the Miller Act (40 U.S.C. § 3131 *et seq.*) for relief pursuant to Cincinnati's role as payment bond surety. The project to which McKenney's provided labor and materials, however, was completed on April 27, 2019. McKenney's filed suit on May 8, 2020. Accordingly, McKenney's claim against Cincinnati is barred by the statute of limitations.

## APPLICABLE FACTS

1. Leebcor was the prime contractor on a United States Army Corp of Engineers project to renovate and upgrade an existing troop barracks located on Fort Benning, Georgia, known as Building 3105, Starship Barracks (the "**Project**"). (Complaint, ¶ 8; Answer ¶ 8.)

2. Cincinnati served as the surety on the payment bond for the Project. (Compl. ¶ 10; Answer ¶ 10.)

3. McKenney's entered into a subcontract with Leebcor to provide certain mechanical and plumbing services to the Project. (Compl. ¶ 11; Answer ¶ 11.)

4. The Project began in 2017. (Compl. ¶ 22; Answer ¶ 22.)

5. On March 29, 2019, McKenney's issued its pay application noting that the only items left to complete under the contract included: (i) "performance test;" (ii) "perform pre-comm checklist;" and (iii) "functional performance tests (commissioning)." (*See* McKenney's March 29, 2019 Pay Application, at 15, attached as **Exhibit A**.) As you will note in this pay application,

there were three (3) open line items related to the scope of work; HVAC -1130, HVAC-1140 and HVAC-1150, all related to the final commissioning, in which the Final Commissioning report was completed on March 30, 2019, the day after McKenney's submitted their March 29, 2019 invoice. The open balance totaled $ 1,429.91, which equated to .01% of the Original contract amount.

6.  Addison Energy Technologies, LLC ("AET"), the independent third party hired to ensure that the building's HVAC, lighting, and domestic hot water systems were designed, installed, and calibrated to operate as intended by the design and operational needs, issued its final commissioning report on March 30, 2019. (*See* March 30, 2019, AET Final Commissioning Report, attached as **Exhibit B**.)[1]

7.  The Project schedule, as of March 31, 2019, noted only minor items outstanding on the Project, but that all HVAC and plumbing items – which fell under McKenney's purview – were fully complete. (A copy of the March 31, 2019 Project schedule is attached as **Exhibit C**.)

8.  The Project had a final completion date of April 27, 2019, as certified by the United States Army Corps of Engineers ("USACE") on May 30, 2019. (Counterclaim, ¶ 27; Counterclaim Exhibit B; Counterclaim Answer ¶ 27.)

9.  McKenney's performed its work through the final completion date.  (Compl. ¶ 53; Exhibit D (McKenney's Bond Claim, dated July 12, 2019, at page 6 (page 2 of letter), attached as **Exhibit D**.)[2]

10. McKenney's filed this action on May 8, 2020. (Compl., ECF No. 1.)

---

[1] The exhibit contains an excerpt of the Final Commissioning Report. The full Report contains 1,075 pages. Leebcor will provide the full Report, should the Court so request.
[2] The exhibit contains the full Payment Bond Claim narrative, without the voluminous attachments, as the relevant portion is contained within the narrative.  Leebcor will provide the full Payment Bond Claim, should the Court so request.

## **STANDARD OF REVIEW**

After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings. Fed. R. Civ. P. 12. "A motion for judgment on the pleadings, pursuant to Rule 12(c), that invokes the defense of failure to state a claim on which relief can be granted, is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Lester v. Framatome ANP*, No. CIV. 6:06CV00015, 2008 WL 678597, at *2 (W.D. Va. Mar. 12, 2008). "A statute of limitations defense is appropriately raised under a defense of failure to state a claim on which relief can be granted." *Id.* This court "may ... consider documents incorporated into the complaint by reference, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Lydick v. Erie Ins. Prop. & Cas. Co., 778 F. App'x 271, 272 (4th Cir. 2019) (citing United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency, 745 F.3d 131, 136 (4th Cir. 2014)* (citation and internal quotation marks omitted); *Gasner v. Cty. of Dinwiddie,* 162 F.R.D. 280, 282 (E.D. Va. 1995) ("[T]his Court holds that when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." (citations omitted)). *Tessler v. NBC Universal, Inc.,* No. CIV.A 2:08CV234, 2009 WL 866834, at *3 (E.D. Va. Mar. 31, 2009), *aff'd sub nom. Tessler v. Nat'l Broad. Co.,* 364 F. App'x 5 (4th Cir. 2010) (considering website material referenced in the Complaint, bringing it within the scope of the pleadings for purposes of a motion to dismiss, because "[a] district court … may consider documents 'attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *(quoting Sec'y of State of Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.,* 367 F.3d 212, 234 (4th Cir. 2004)).

## ARGUMENT

McKenney's Miller Act claim against Cincinnati is barred by the statute's one-year statute of limitations.

"An action brought under [the Miller Act] must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C.A. § 3133. "The applicable legal test is whether the work was performed and the material supplied as part of the original contract or for the purpose of correcting the defects, or making repairs following the inspection of the project." *U.S. for Use of Magna Masonry, Inc. v. R.T. Woodfield, Inc.*, 709 F.2 249, 250 (4th Cir. 1983).

Here, the undisputed evidence in the pleadings leads to a conclusion that McKenney's Miller Act claim is time-barred. McKenney's served as a mechanical/plumbing subcontractor on the Project. (Compl. ¶ 11; Answer ¶ 11.) AET, the independent third party hired to inspect the HVAC, lighting, and plumbing issued its final commissioning report on March 30, 2019, indicating all systems were installed and operational. (Ex. B.) Further, the March 31, 2019 Project schedule indicated all HVAC and plumbing items were fully complete. (Ex. C.) The United States Army Corps of Engineers certified that the Project was completed by April 27, 2019. (Counterclaim, ¶ 27; Counterclaim Exhibit B; Counterclaim Answer ¶ 27.) McKenney's admitted that it completed its work by that date. (Compl. ¶ 53; Exhibit D (McKenney's Bond Claim, dated July 12, 2019, at page 6 (page 2 of letter)). Importantly, the USACE Government Form PPQ-0 was completed by Ms. Amy Vaughn, the Resident Engineer for the USACE Savannah District. (*Id.*) Ms. Vaughn certified that the Project was "100% complete[.]" McKenney's does not dispute the veracity or authenticity of the completed Form PPQ-0 that is attached to the Counterclaim as Exhibit B, but instead affirms that the form speaks for itself. (Counterclaim Answer ¶ 27.)

McKenney's filed this Complaint on May 8, 2020, more than one year after the completion of the Project. (Compl.) Accordingly, McKenney's Miller Act claim against Cincinnati is time-barred by the Miller Act's one year statute of limitations.

## **CONCLUSION**

For the foregoing reasons, Cincinnati respectfully requests that this Court grant its Motion for Judgment on the Pleadings and enter an Order granting judgment in favor of The Cincinnati Insurance Company and against McKenney's, Inc. and grant such further relief as the Court deems appropriate.

Dated: April 2, 2021

THE CINCINNATI INSURANCE COMPANY

/s/ *Thomas A. Coulter*
Thomas A. Coulter (VSB No. 46532)
Patrick D. Houston (VSB No. 92298)
WHITEFORD, TAYLOR & PRESTON, L.L.P.
Two James Center
1021 E. Cary Street, Suite 1700
Richmond, Virginia 23219
Telephone: (804) 593-1362
Facsimile: (804) 593-1363
E-mail: tcoulter@wtplaw.com
E-mail: phouston@wtplaw.com

*Counsel for Defendants, Leebcor Services, LLC and The Cincinnati Insurance Company*

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 2, 2021, a true and correct copy of the foregoing was electronically served on all counsel of record:

Shelly L. Ewald
CharCretia Di Bartolo (Admitted *Pro Ha Vice*)
Emily C. Brown
Watt, Tieder, Hoffar & Fitzgerald, LLP
1765 Greensboro Station Place, Suite 1000
McLean, Virginia 22102
Telephone: (703) 749-1000
Facsimile: (703) 893-8029

*Counsel for Plaintiff, McKenney's, Inc.*


              /s/ *Thomas A. Coulter*
              Thomas A. Coulter