UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MCKENNEY'S, INC.,

        Plaintiff,

v.                                                  Action No. 4:20cv179

LEEBCOR SERVICES, LLC, et al.,

        Defendants.

## UNITED STATE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

On April 5, 2021, the defendant, The Cincinnati Insurance Company ("Cincinnati"), filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 61. The motion was referred to the undersigned United States Magistrate Judge on April 28, 2021, pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 82. For the reasons discussed below, the undersigned **RECOMMENDS** that the motion for judgment on the pleadings be **DENIED**.

### I.    BACKGROUND

Leebcor Services, LLC ("Leebcor"), a Virginia limited liability company, entered into a contract with the United States Army Corps of Engineers ("USACE") in 2016 to renovate Army barracks at Fort Benning, Georgia ("the Project"). ECF No. 1, ¶¶ 6, 8. Leebcor obtained a payment bond for the Project from Cincinnati. *Id.*

In June 2017, McKenney's, Inc. ("McKenney's"), entered into a subcontract with Leebcor to provide plumbing, heating, ventilation, and air conditioning services for the Project ("the Contract"). *Id.* ¶ 11.

The Contract provided that "Leebcor agreed to pay McKenney's for any additional work it required beyond the original scope of the Contract." *Id.* ¶ 14. "During the Project, Leebcor expanded McKenney's original scope of work with the addition of nine Change Orders," and "directed McKenney's to perform additional labor and materials for which it has failed and refused to pay." *Id.* ¶¶ 15–16. McKenney's work on the Project was to proceed in three phases: Phase I—rough-in, Phase II—finishes, and Phase III—closeout. *Id.* ¶ 27. "McKenney's completed the majority of its Phase III work through May 21, 2019, however, due to Leebcor's demands, McKenney's was required to perform additional work through October 9, 2019." *Id.* ¶ 47.

McKenney's filed four claims against the payment bond with Cincinnati: (1) on July 12, 2019, "for the remainder of its Contract balance"; (2) on August 16, 2019, for "damages incurred due to the various delays and disruptions suffered on the Project through no fault of McKenney's"; (3) on September 27, 2019, "for payment of out-of-scope work Leebcor required McKenney's to perform on the Project"; and (4) on November 15, 2019, for "additional work Leebcor required McKenney's to perform through October 2019." *Id.* ¶¶ 53–54, 56, 59. "Leebcor acknowledged responsibility for some of these issues and the cost associated with them, however, Leebcor has refused to negotiate the change orders with McKenney's . . . ." *Id.* ¶ 57. Leebcor and Cincinnati have not paid McKenney's for delay damages, change orders, or additional work Leebcor required McKenney's to perform through October 2019. *Id.* ¶¶ 55, 57–58, 60.

On May 8, 2020, McKenney's filed suit in the Alexandria Division of this Court against Leebcor and Cincinnati under the Miller Act, 40 U.S.C. § 3131, and Virginia law, asserting Leebcor and Cincinnati failed to promptly pay McKenney's for work performed. *Id.* ¶¶ 1, 48–52.

Following failed mediation efforts and transfer to this Court, Leebcor and Cincinnati filed answers to the complaint on December 9, 2020. ECF Nos. 41–43, 48–50. Leebcor also filed a counterclaim asserting McKenney's breached the Contract by failing to "provide timely, proper, and complete work." ECF No. 51, ¶ 31. McKenney's answered the counterclaim on December 30, 2020. ECF No. 53.

On April 5, 2021, Cincinnati filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, alleging McKenney's claim against Cincinnati is barred by the statute of limitations. ECF No. 61, at 1–2, 5–6. McKenney's filed an opposition on April 16, 2021, asserting Cincinnati's motion improperly relies on documents outside of the pleadings and incorrectly applies the standard for dismissal. ECF No. 70, at 1–2, 4–9. Cincinnati filed a reply on April 22, 2021, asserting the Court can consider the documents attached to its motion, which are "essential to the Complaint and Counterclaim." ECF No. 77, at 2.

## II. STANDARD OF REVIEW

A party may move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). When the defense of failure to state a claim upon which relief can be granted is brought pursuant to Rule 12(c), courts "apply[] the same standard . . . as for motions made pursuant to Rule 12(b)(6)." *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002). "Accordingly, we assume the facts alleged in the complaint are true and draw all reasonable factual inferences in [McKenney's'] favor." *Id.*

A statute of limitations defense is appropriately raised in a defense of failure to state a claim on which relief can be granted. *Lloyd v. Morgan*, No. 4:14cv107, 2015 WL 1288346, at *8 (E.D. Va. Mar. 20, 2015). Dismissal for failure to comply with the statute of limitations "is appropriate when the face of the complaint clearly reveals the existence of a meritorious defense." *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

"On a motion for judgment on the pleadings, the court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached to those filings, as well as any documents that are integral to the complaint and authentic." *Penn-Am. Ins. Co. v. White Pines, Inc.*, 476 F. Supp. 3d 354, 360 (E.D. Va. 2020) (citations omitted); *see also Occupy Columbia v. Haley*, 738 F.3d 107, 116 (4th Cir. 2013). "[F]actual allegations in the Answer are taken as true to the extent they have not been denied or do not conflict with the Complaint." *Burke v. Nationstar Mortgage, LLC*, No. 3:14cv837, 2016 WL 4231705, at *1 n.3 (E.D. Va. Aug. 9, 2016) (citations and quotations omitted). With respect to documents,

> when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment. This ruling encompasses not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims. There is but one limitation: the document must be one of unquestioned authenticity.

*Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (citations omitted); *see also Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (holding "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed").

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under

Rule 56." Fed. R. Civ. P. 12(d). And, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* The decision to exclude matters outside the pleadings, and not convert the motion to one for summary judgment, is "discretionary with the court." *Va. Indus., Plastics, Inc. v. Cabinet Saver LLC*, No. 5:18cv119, 2019 WL 1575197, at *2 (W.D. Va. Apr. 11, 2019) (citing *A.S. Abell Co. v. Baltimore Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964)).

### III. ANALYSIS

Cincinnati asserts McKenney's completed work on the Project in April 2019 and filed the complaint on May 8, 2020. ECF No. 61, at 5–6. Accordingly, Cincinnati argues McKenney's Miller Act claim is time-barred. *Id.* at 6.

"An action brought under [the Miller Act] must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). In the Fourth Circuit, "[t]he applicable legal test . . . is whether the work was performed and the material supplied as part of the original contract or for the purpose of correcting the defects, or making repairs following the inspection of the project." *United States ex rel. Magna Masonry, Inc. v. R.T. Woodfield, Inc.*, 709 F.2d 249, 250 (4th Cir. 1983) (citations and quotations omitted) (finding work done to correct deficiencies at no additional charge to the general contractor or government did not extend the statute of limitations for filing a Miller Act claim). "Correction or repair materials and labor do not toll the statute, but labor or materials furnished pursuant to the original subcontract do." *United States ex rel. Allsite Contracting, LLC v. Hartford Fire Ins. Co.*, No. 1:10cv1068, 2010 WL 5026950, at *3 (E.D. Va. Dec. 3, 2010); *see also United States ex rel. Noland Co. v. Andrews*, 406 F.2d 790, 792 (4th Cir. 1969) (holding the delivery date of valves called for in a subcontract was the critical date for

calculating the supplier's Miller Act limitations period "notwithstanding the Government's acceptance of the premises at an earlier date under the mistaken impression that the work had been completed"). Further, some courts have found that "[a]ccepted change orders may be considered part of the original contract and in those circumstances may be included in calculating the one[-]year limitations period." *AMEC Env't & Infrastructure, Inc. v. Structural Assocs., Inc.*, No. 7:13cv21, 2014 WL 1379519, at *3 (E.D.N.C. Apr. 8, 2014) (citing *Hartford*, 2010 WL 5026950).

On this motion for judgment on the pleadings, the Court accepts as true the allegations in the complaint, which allege McKenney's continued to perform work on the Project through October 2019, at Leebcor's request. ECF No. 1, ¶¶ 47, 59. To counter the allegations in the complaint, Cincinnati relies on an allegation made in the counterclaim, an exhibit to the counterclaim, and four exhibits that were not attached to the pleadings. *See* ECF No. 61, at 5 (discussing ECF Nos. 61-1 to 61-4; ECF No. 51, ¶ 28; ECF No. 51-2). The Court addresses each in turn.

  **A. In addressing the motion for judgment, the Court cannot consider an allegation in the counterclaim that has been denied and conflicts with the complaint.**

First, Cincinnati relies on the allegation in the counterclaim that "[t]he Project concluded on April 27, 2019." ECF No. 51, ¶ 28; *see* ECF No. 61, at 3, 5. In the answer to the counterclaim, McKenney's states, "McKenney's denies that its work on the Project concluded on April 27, 2019 and demands strict proof thereof." ECF No. 53, ¶ 28. As a result, the allegation that the Project concluded on April 27, 2019, has been denied, conflicts with the complaint that asserts McKenney's performed work on the Project through October 2019, and cannot be accepted as true for purposes of this Rule 12(c) motion. *See Burke*, 2016 WL 4231705, at *1 n.3.

6

### B. In addressing the motion for judgment, the Court can consider an exhibit to the counterclaim.

Next, Cincinnati relies on an exhibit attached to the counterclaim titled "NAVFAC/USACE Past Performance Questionnaire (Form PPQ-0)," dated May 30, 2019, and signed by the USACE Savannah District resident engineer. ECF No. 51, ¶ 28; ECF No. 51-2, at 1–2; *see* ECF No. 61, at 3, 5. The questionnaire summarizes the Project, evaluates Leebcor's performance, and concludes that "Leebcor and the USACE East Resident Office team are truly partners in support of the Army training mission and provided a state of the art training facility." ECF No. 51-2. The questionnaire includes the following information:

> Work performed as: ☒ prime contractor ☐ subcontractor ☐ joint venture ☐ other (explain)
>
> Percent of project work performed: 100% complete; 20% self-performed
>
> . . .
>
> Award Date (mm/dd/yy): 09/29/16
>
> Contract Completion Date (mm/dd/yy): 04/27/2019 (Revised Completion date—Pending receipt of funds for Mods w/ time)
>
> Actual Completion Date (mm/dd/yy): 04/27/2019
>
> Explain Differences: Leebcor Services, LLC completed this project on time.

*Id.* at 1.

In the answer to the counterclaim, McKenney's "admits only that the document referenced in Paragraph 28 speaks for itself and denies any and all allegations in Paragraph 28 that are inconsistent therewith." ECF No. 53, ¶ 28. The Court can consider this exhibit that was attached to the counterclaim. *See Penn-Am. Ins. Co.*, 476 F. Supp. 3d at 360.

The questionnaire, however, does not clearly establish Cincinnati's statute of limitations defense. The questionnaire reflects a contract completion and actual completion date in April 2019, but also contains some unexplained modifying language—"(Revised Completion date—

7

Pending receipt of funds for Mods w/ time)." ECF No. 51-2, at 1. Further, the purpose of the questionnaire is to evaluate Leebcor's performance. Without some context, or explanation for the significance of this exhibit, the document does not establish the last date McKenney's performed work on the Project. This is especially true where all reasonable inferences have to be drawn in favor of McKenney's. *See Burbach Broad Co.*, 278 F.3d at 406. Considering the pleadings and documents attached to the pleadings, and drawing all reasonable factual inferences in McKenney's' favor, Cincinnati has not established that McKenney's' Miller Act claim is barred by the one-year statute of limitations.

### C. The Court cannot consider unauthenticated documents that were not attached to the pleadings unless the motion for judgment on the pleadings is converted to a motion for summary judgment.

Cincinnati argues that the Court should consider four exhibits to the motion for judgment, ECF Nos. 61-1 to 61-4 (Exhibits A through D), that were not attached to any pleadings, but "are integral and authentic as they bear directly on the issues raised by McKenney's in the Complaint and by Leebcor in its Counterclaim." ECF No. 77, at 4. While three of the exhibits are arguably referenced in the complaint,[1] the Court cannot consider the four exhibits not attached to the pleadings as the authenticity of these documents is in dispute. *See* ECF No. 70, at 4 (McKenney's opposition to the motion for judgment notes that the four exhibits "are presented without authentication"); *Gasner*, 162 F.R.D. at 282; *Witthohn*, 164 F. App'x at 396–97.

Accordingly, to consider these unauthenticated documents that fall outside of the pleadings, the Court would need to convert this motion to one for summary judgment, and "[a]ll

---

[1] Cincinnati notes that McKenney's references the March 2019 pay application (Exhibit A), the Project schedule (Exhibit C), and the payment bond claims (the first of which is Exhibit D) in the complaint. ECF No. 77, at 4–5 (citing ECF No. 1, ¶¶ 17–22, 25, 29–30, 33, 35, 37, 49(b), 52–56, 59).

parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Court can only grant summary judgment if there is no "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). These exhibits, considered in conjunction with the pleadings, do not conclusively establish when McKenney's last performed work on the Project as part of the original contract—a material fact for Cincinnati's statute of limitations defense. Were the motion converted, this material fact would remain in dispute precluding the entry of "judgment as a matter of law" on McKenney's Miller Act claim against Cincinnati. *Id.* Therefore, after reviewing the four exhibits, summarized below, the undersigned recommends that the Court decline to convert this motion to one for summary judgment. *Va. Indus., Plastics, Inc.*, 2019 WL 1575197, at *2 (holding the decision to exclude matters outside the pleadings is "discretionary with the court").[2]

Exhibit A is McKenney's' application for payment dated March 29, 2019, which is comprised of four documents. ECF No. 61-1. The first document is an invoice, and the three lines under the title "Billing" indicate: "Total To-Date," "Less Prior Billings," and "Invoice Total" of $88,270.75. *Id.* at 1. The next page is McKenney's conditional waiver and release of lien for partial payment of $88,270.75 for "labor, services or materials furnished through March 31, 2019." *Id.* at 2. The third page is McKenney's application for payment dated March 31, 2019, with a notation that this is application number 20 for the Project. *Id.* at 3. The application indicates that change orders approved in previous months by Leebcor totaled $33,439.00, lists a "contract sum to date," and includes the total payment due of $88,270.75. *Id.* The last thirteen pages of Exhibit

---

[2] The Court notes that Cincinnati's reply requests that "should the Court elect not to rely on the documents, then the Court may rule on the Motion without converting it to one for summary judgment and only consider the pleadings and the exhibits attached thereto, which includes the government's certification that the project was completed as of April 27, 2019." ECF No. 77, at 5.

9

A consist of a spreadsheet titled "Application Schedule of Values for Payment." *Id.* at 4–16. There are only seven entries with a monetary value listed in the "balance to finish" column, and the schedule indicates the remaining entries are completed. *Id.* at 15–16. Four of the seven uncompleted entries are listed at the end of the spreadsheet under the heading "change orders," with a balance to finish totaling over $47,000.00. *Id.* at 16. The remaining three are "performance test," "perform pre-comm checklist," and "functional performance tests (commissioning)," which Cincinnati argues relate to the final commissioning report that was completed March 30, 2019. *Id.* at 15; ECF No. 61, at 3.

Cincinnati indicates that McKenney's references the March 2019 pay application in the complaint. ECF No. 77, at 5 (citing ECF No. 1, ¶ 49(b)). McKenney's does reference a March 2019 invoice, as well as two other invoices submitted to Leebcor in January 2019, and May 2019. ECF No. 1, ¶49(a)–(c). The documents in Exhibit A do not establish that McKenney's completed work on the Project in April, but reflect an invoice for work done "to-date" and several open change orders. That this invoice was one of several submitted to Leebcor is supported by the complaint's reference to three invoices, one dated over one month later.

Exhibit B is an excerpt from the "Final Commissioning Report" of Addison Energy Technologies, LLC ("AET"), dated March 30, 2019. ECF No. 61-2. The excerpt indicates AET "was hired as an independent third party to ensure that the building's HVAC, lighting, and domestic hot water systems were designed, installed, and calibrated to operate as intended by the design and the Owner's operational needs." *Id.* at 2.

The AET report was not referenced in the complaint, the excerpt of the report identifies several appendices that were not included in the exhibit,[3] and the excerpt is not signed or otherwise authenticated. *Id.* at 2–3. Without some context given to the significance of this excerpt of AET's report, and drawing all reasonable inferences in favor of McKenney's, Exhibit B does not establish McKenney's completed work on the Project in April 2019. *See Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991).

Exhibit C is a 64-page spreadsheet created by Leebcor, dated March 31, 2019, and titled "Renovation of Bldg 3105—Update #27." ECF No. 61-3. Cincinnati indicates that this spreadsheet is the Project schedule. ECF No. 61, at 3. The spreadsheet lists "Activit[ies]" with columns indicating a start and finish date. ECF No. 61-3. According to the spreadsheet, there were very few activities that were not 100% complete as of March 31, 2019. *See id.* Cincinnati asserts "all HVAC and plumbing items—which fell under McKenney's purview—were fully complete." ECF No. 61, at 3.

Cincinnati cites to McKenney's' references to the Project schedule throughout the complaint. ECF No. 77, at 4–5 (citing ECF No. 1, ¶¶ 17–22, 25, 29–30, 33, 35, 37, 52, 54). The complaint references a "Project schedule," an "overall Project schedule," a "Baseline Project Schedule," and a "Revised Baseline Project Schedule." ECF No. 1, ¶¶ 17–22, 25, 29, 33, 35, 37, 52, 54. Without further explanation, the Court cannot determine if this spreadsheet accurately reflects the Project schedule referenced in the complaint as of March 31, 2019. Moreover, drawing all reasonable inferences in favor of McKenney's, Exhibit C does not establish McKenney's completed work on the Project in April 2019. *See Brock*, 933 F.2d at 1259.

---

[3] Cincinnati notes that the full report is 1,075 pages long and can be made available to the Court. ECF No. 61, at 3 n.1.

Exhibit D is McKenney's "Claim Against Payment Bond" dated July 12, 2019. ECF No. 61-4; *see also* ECF No. 1, ¶ 53. In this payment bond, McKenney's states:

> McKenney's in good faith continued to perform its work through final completion and full acceptance of a complete and functional building complex by the US Army Corps of Engineers, on or around April 25, 2019. . . . Accordingly, McKenney's has fully complied with its contractual obligations under the Subcontract . . . .

ECF No. 61-4, at 6.

Exhibit D directly contradicts the complaint with regard to the date McKenney's completed work on the Project. In the opposition to the motion for judgment, McKenney's refers to this claim against the payment bond as the "Phase I claim," and argues that the Phase III and Phase IV claims referenced in the complaint support McKenney's' assertion that it performed work after April 2019. ECF No. 70, at 7 n.2; *see also* ECF No. 1, ¶ 53. This exhibit must be considered in conjunction with the allegations in the complaint that, "McKenney's completed the majority of its Phase III work through May 21, 2019, however, due to Leebcor's demands, McKenney's was required to perform additional work through October 9, 2019." ECF No. 1, ¶ 47.

Even considering these four exhibits, a genuine issue of material fact remains as to when McKenney's completed work on the Project. More information is needed to determine whether work performed from April through October 2019 was part of the original contract or for the purpose of correcting defects. Accordingly, the Court **RECOMMENDS** declining to convert this motion for judgment on the pleadings to a motion for summary judgment. *See Va. Indus., Plastics, Inc.*, 2019 WL 1575197, at *2. Should discovery reveal that McKenney's completed work on the Project in April 2019 and work performed through October 2019 was not performed as part of the original contract, Cincinnati can file a motion for summary judgment asserting McKenney's' Miller Act claim against Cincinnati is barred by the statute of limitations. *See Magna Masonry, Inc.*, 709 F.2d at 250.

## IV. RECOMMENDATION

For the foregoing reasons, the Court **RECOMMENDS** that Cincinnati's motion for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c), ECF No. 61, be **DENIED**.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 12, 2021